UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

ERNESTO D. RODRIGUEZ,            )
                                  )
        Plaintiff,                )
                                  )
v.                                ) No. 3:15-CV-292
                                  )
CITY OF KNOXVILLE, TENNESSEE, *et al.*, )
                                  )
        Defendants.               )

## **MEMORANDUM OPINION**

This civil action is before the Court for consideration of the motion for summary judgment filed by Defendants City of Knoxville and David B. Rausch ("Defendants"). [Doc. 52]. Plaintiff has not responded, and the time for doing so has expired. *See* E.D. Tenn. L.R. 7.1(a). Oral argument is unnecessary, and the motion is ripe for the court's determination. For the reasons below, Defendants' motion for summary judgment will be **GRANTED**.

### I.     BACKGROUND

Plaintiff filed this civil rights action pursuant to 42 U.S.C. §§ 1983 and 1988, alleging violations of the Fourth and Fourteenth Amendments to the U.S. Constitution. [Doc. 1 at 1]. Plaintiff also alleged state law claims for assault, battery, and malicious prosecution. [*Id.*]. The Court dismissed all federal claims against Defendants Thurman, Kimber, and Baker ("Individual Defendants"). Defendants have filed the instant motion for summary judgment on all remaining claims. [Docs. 52-53, & 44-45].

In its memorandum opinion addressing the summary judgment motion filed by Individual Defendants [Doc. 48], the Court provided a full account of the facts as presented by the non-moving party. The Court will not reiterate that background again but incorporates the section of that memorandum, beginning at the second paragraph of the section labeled "Background," as if contained herein.

## II. STANDARD OF REVIEW

The Defendants' motion is brought pursuant to Federal Rule of Civil Procedure 56, which governs summary judgment. Rule 56(a) provides in pertinent part: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The procedure set out in Rule 56(c) requires that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion[.]" Fed. R. Civ. P. 56(c)(1). This can be done by citation to materials in the record, which include depositions, documents, affidavits, stipulations, and electronically stored information. Fed. R. Civ. P. 56(c)(1)(A). Additionally, a party may "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B).

After the moving party has carried its initial burden of showing that there are no genuine issues of material fact in dispute, the burden shifts to the non-moving party to present specific facts demonstrating that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "The 'mere possibility' of a factual dispute is not enough." *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992)

(quoting *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986)). Moreover, mere conclusory and unsupported allegations, rooted in speculation, are insufficient to meet this burden. *Bell v. Ohio State Univ.*, 351 F.3d 240, 253 (6th Cir. 2003).

To defeat a motion for summary judgment, the non-moving party must present probative evidence that supports its complaint. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). The non-moving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor. *Id*. at 255. The court determines whether the evidence requires submission to a jury or whether one party must prevail as a matter of law because the issue is so one-sided. *Id*. at 251-52.

Under Federal Rule of Civil Procedure 56(e), if a party fails to properly address another party's assertion of fact, the Court may consider the fact undisputed for purposes of the motion and may grant summary judgment if the motion and supporting materials show that the movant is entitled to it. Fed. R. Civ. P. 56(e). Here, Plaintiff has not responded, and the deadline for a response has passed. Accordingly, the Court will consider the facts presented by Defendants, to the extent that they are supported by the evidentiary materials submitted with the motion, as undisputed.

### III. ANALYSIS

**A. Federal Claims**

Defendants argue that they are entitled to summary judgment on all federal claims, including allegations of failure to train, failure to supervise, and failure to monitor use of force by officers, because the alleged underlying constitutional violations which form the basis for a municipal liability claim under 42 U.S.C. § 1983 have already been found to be

3

deficient by the Court. [Doc. 53, p. 13]. Defendants assert that the Court has already concluded that the Complaint's only federal claims were for excessive force and, arguably, illegal search. [*Id.*] In its memorandum opinion and order [Doc. 48], the Court found that Plaintiff's excessive force claim under 42 U.S.C. § 1983 was barred by the preclusion doctrine outlined in *Heck v. Humphrey*, 512 U.S. 477 (1994) and found that the Complaint failed to state a claim for illegal search under § 1983. [*Id.*].

Regarding Plaintiff's Fourth Amendment claim, the Court incorporates its reasoning and conclusions in the section labeled "Illegal Search" of its prior memorandum as if contained herein. [Doc. 48, pp. 9-11]. Accordingly, summary judgment will therefore be **GRANTED** in favor of Defendants on this claim, and Plaintiff's federal Fourth Amendment claim will be **DISMISSED**.

Regarding Plaintiff's excessive force claim, a municipality cannot be held liable under § 1983 based on a theory of *respondeat superior*. *Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 403 (1997); *Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658, 691 (1978). Rather, "it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is liable under § 1983." *Monell*, 436 U.S. at 694. A plaintiff must prove two elements to invoke municipal liability: "(1) that a constitutional violation occurred; and (2) that the [municipality] is responsible for that violation." *Graham v. Cnty. Of Washtenaw*, 358 F.3d 377, 382 (6th Cir. 2004) (internal quotation marks omitted). "There can be no *Monell* municipal liability under § 1983 unless there is an underlying unconstitutional act." *Wilson v. Morgan*, 477 F.3d 326, 340 (6th Cir. 2007). A municipal policy or custom cannot be

4

shown by one instance of misconduct. *Thomas v. City of Chattanooga*, 398 F.3d 426, 432-33 (6th Cir. 2005). However, an unlawful policy or custom may be shown by a policy of inadequate training or supervision. *Ellis ex rel. Pendergrass v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006).

As the Court has previously determined in its prior memorandum opinion, Plaintiff's federal claims relating to excessive force are barred by the *Heck* doctrine because the alleged use-of-force is inextricably intertwined with the conduct that was the basis for Plaintiff's conviction for resisting arrest and therefore forecloses his claims of excessive force against Individual Defendants. [Doc. 48, pp. 8-9]. Because Plaintiff has not shown that a constitutional violation occurred, Defendants cannot be held liable under a theory of *respondeat superior*. Further, because the allegations that Defendants failed to train, supervise, and monitor use of force by Individual Defendants are premised upon underlying constitutional violations, a finding that there are no underlying constitutional violations necessitates a finding that there is no policy or custom of the City which was the moving force behind a federal civil rights violation under *Monell*. 436 U.S. at 690; *see City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *see also Smith v. Thornburg*, 136 F.3d 1070, 1078 (6th Cir. 1998).

Summary judgment is therefore **GRANTED** in favor of Defendants on the excessive force claim, and Plaintiff's federal claims against Defendants will be **DISMISSED**.

B. State Law Claims

5

As to Plaintiff's state law claims, Counts 2-4 of the Complaint, the Court may decline to exercise supplemental jurisdiction over state law claims after it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1368(c)(3). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996).

As discussed above, all federal claims have been or will be dismissed at this juncture. Accordingly, the Court will decline to exercise supplemental jurisdiction over Plaintiff's state law claims. Accordingly, Plaintiff's state law claims will be **DISMISSED without PREJUDICE to Plaintiff re-filing in state court**.

## IV. CONCLUSION

Accordingly, for the reasons stated herein, Defendants' motion for summary judgment [Doc. 52] will be **GRANTED** and all federal claims against Defendants will be **DISMISSED with prejudice**. The Court will decline to exercise supplemental jurisdiction over Plaintiff's state law claims which will be **DISMISSED without prejudice**. An order consistent with this opinion will be entered.

**IT IS SO ORDERED**.

ENTER:

s/ Leon Jordan
United States District Judge